UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OLUWABUNMI ADEJARE,

                            Plaintiff,                **MEMORANDUM AND ORDER**
                                                              16 CV 805 (DRH) (ARL)
      - against -

ST. CHARLES HOSPITAL & REHABILITATION
CENTER, MAUREEN MORRIS, and NANCY
LADIKA,

                            Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICE OF OSITA OKOCHA, P.C.**
Attorney for Plaintiff
88-14 Sutphin Blvd., 2nd Flr.
Jamaica, NY 11435
By:    Osita Emmanuel Okocha, Esq.

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
Attorneys for Defendant
30 Rockefeller
New York, NY 10112
By:    Kevin James Smith, Esq.


**HURLEY, Senior District Judge:**

       Plaintiff Oluwabunmi Adejare ("plaintiff" or "Adejare") brings this action asserting that

defendants St. Charles Hospital & Rehabilitation Center ("St. Charles"), Maureen Morris

("Morris"), and Nancy Ladika ("Ladika"), (collectively "defendants") committed "unlawful

employment practices on the basis of race, sex, national origin, hostile work environment,

retaliation and disability," (Compl. ¶ 1), pursuant to Title VII of the Civil Rights Act of 1967, 42

U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12182 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794, and the New York

1

State Human Rights Law ("NYHRL"), Executive Law § 296 (Compl. ¶¶ 1-2). Presently before the Court is defendants' motion to dismiss these claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The following facts are taken from plaintiff's Complaint.

Plaintiff is a female African American of Nigerian nationality formerly employed by St. Charles. At all relevant times, Maureen Morris was the Director of Human Resources at St. Charles and Nancy Ladika was the "Night Supervisor," though the Complaint does not contain any further description of her supervisory function. The Complaint also does not provide any further description of plaintiff's employment. For example, it does not state the type of job plaintiff held and for how long she held it.

Plaintiff alleges that she was injured at her job, but that defendants "made no disability accommodation." (Compl. ¶ 12.) The Complaint does not provide any details about what type of injury plaintiff sustained or the type of accommodation she sought. Plaintiff claims that she was "shocked and horrified by the way Defendants treated her and as a result [she] suffered emotional distress." (*Id.* ¶ 13.) According to the Complaint, defendants terminated plaintiff's employment on or about July 25, 2014.[1]

## DISCUSSION

### I. *Standard of Review for Motion to Dismiss*

---

[1] Generally, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may only consider facts stated in the complaint or "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). Thus, to the extent plaintiff includes minimal additional facts in her "Declaration in Opposition to [Defendants'] Motion to Dismiss," the Court has not considered those facts in determining this motion.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly,* 550 U.S. at 555. Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly,* 550 U.S. at 556–57) (internal citations omitted); *see In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; accord *Harris*, 572 F.3d at 72.

## II. *Plaintiff's Title VII, ADA, § 1981, Rehabilitation Act, and NYHRL Claims*

Title VII prohibits an employer from discriminating against an employee on the basis of race, color, religion, sex, or national origin. Title VII discrimination claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas* and its progeny, a plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) he belonged to a protected class, (2) was qualified for the position he held or sought, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discriminatory intent. *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003). If the plaintiff establishes a *prima facie* case, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for [the adverse act]." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks and citation omitted). Should the employer satisfy its burden, the *McDonnell Douglas* framework and its presumptions and burdens disappear, leaving the sole remaining issue of "discrimination vel non." See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

However, at the motion to dismiss stage, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Rather, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Id*. (internal quotation marks and citations omitted). However, a plaintiff "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to

4

plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Here, plaintiff fails to provide facts setting forth a plausible claim of discrimination. Specifically, she does not allege the type of job she did or any facts suggesting that she was qualified for her employment. Additionally, she sets forth no facts that give rise to an inference that she was discriminated against because of her sex, race, or national origin. Rather, the Complaint is made up of conclusory allegations that plaintiff was discriminated against. Such allegations are not sufficient to withstand a motion to dismiss. *EEOC*, 768 F.3d at 254. As a result, her Title VII discrimination claim is dismissed. Moreover, her discrimination claims pursuant to § 1981, the ADA, the Rehabilitation Act, and NYHRL, Executive Law § 296 are also dismissed as those claims are analyzed under the same standards as Title VII claims.[2] *Conge v. Sikorsky Aircraft Corp.*, 2007 WL 4365676, at *5 (D. Conn. Dec. 11, 2007) (ADA and Rehabilitation Act discrimination claims are analyzed under *McDonnell Douglas* framework); *Karam v. Cty. of Rensselaer, New York*, 2016 WL 51252, at *14 (N.D.N.Y. Jan. 4, 2016) (applying Title VII standards to NYHRL and § 1981 claims).

Similarly, plaintiff's retaliation claims must fail. At the motion to dismiss stage of a Title VII retaliation claim, "the allegations in the complaint need only give plausible support to the reduced *prima* facie requirements that rise under *McDonnell Douglas* in the initial phase of a Title VII litigation." *Littlejohn v. City of New York*, 795 F.3d 297, 318 (2d Cir. 2015). That is, a plaintiff must plead facts plausibly supporting that (1) he or she was engaged in protected

---

[2] 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts, the ADA prohibits employment discrimination based on disability, the Rehabilitation Act prohibits programs receiving federal funding from discriminating against an individual on the basis of a disability, and finally, § 296 of the NYHRL prohibits discrimination on the basis of, *inter alia*, race, color, national origin, and disability.

5

activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013).

Here, plaintiff has not alleged sufficient facts setting forth that defendants terminated her employment on the basis of her participation in a protected activity. Protected activity includes any "action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 650, 566 (2d Cir. 2000). Plaintiff's Complaint does not state that plaintiff participated in any such opposition or protests and that plaintiff's termination was a result of such activity. Therefore, her Title VII retaliation claim is dismissed. Similarly, to the extent plaintiff also asserts retaliation claims under the ADA, NYHRL, §1981, and the Rehabilitation Act, those claims are all dismissed. *Karam*, 2016 WL 51252 at *13 ("Claims of retaliation under the ADA, NYHRL, 42 U.S.C. § 1981, and the Rehabilitation Act are analyzed under the same standard as Title VII claims.")

Plaintiff's hostile work environment claims are also dismissed. "In order to support a claim that a defendant violated Title VII by creating a hostile work environment . . . a plaintiff must plead facts tending to show that the complained of conduct . . . creates such an environment because of the [plaintiff's] . . . protected characteristic." *Moore v. City of New York*, 2017 WL 35450, at *22 (S.D.N.Y. Jan. 3, 2017 (internal quotation marks and citation omitted). Here, the Complaint contains no facts about the plaintiff's work environment. As a result, her hostile work environment claims are dismissed. *See id.* (analyzing Title VII, ADA, Rehabilitation Act, § 1981, and NYHRL claims under this same standard).

## II.     *Plaintiff's Tort Claims*

Plaintiff alleges that defendants committed intentional infliction of emotional distress. In order to assert such a claim under New York law, a plaintiff must show: "(1) extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society; (2) intent to cause or disregard of a substantial probability of causing severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Margrabe v. Sexter & Warmflash, P.C.*, 353 F. App'x 547, 550 (2d Cir. 2009) (quoting *Conboy v. AT&T Corp.*, 241 F.3d 242 , 258 (2d Cir. 2001)) (internal quotation marks omitted). "The conduct at issue must transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted). Here, plaintiff has not alleged any facts regarding the defendants' conduct other than that they did not provide her an accommodation and that they terminated her. These facts alone are insufficient to plausibly support that defendants' conduct was atrocious and utterly intolerable. Therefore, her emotional distress claim is dismissed. *Gioa v. Forbes Media LLC*, 2011 WL 4549607, at *12 (S.D.N.Y. Sept. 30, 2011) ("[C]ourts within this circuit have generally found allegations of discrimination, wrongful termination . . . insufficient to satisfy the rigorous standard for extreme and outrageous conduct.") (collecting cases).

Moreover, defendants argue that plaintiff's claims of negligence and negligent retention of an unfit employee should be dismissed. Plaintiff does not respond to defendants' argument let alone mention these claims at all in her submission. Moreover, it is not clear what, if any, facts from the Complaint would support these claims. As a result, these claims are dismissed.

### III. *Plaintiff's Request for Leave to Amend*

In the last paragraph of her Memorandum in Opposition, plaintiff requests leave to amend the Complaint stating that she "intends to amend the pleadings to add more causes of

action for FMLA Claims" and NYHRL retaliation claims. ( Pl.'s Mem. in Opp'n at 7-8.) Plaintiff, however, does not explain why any amendment is warranted. Moreover, to the extent the plaintiff's Complaint could be interpreted as containing an NYHRL retaliation claim, as discussed above, that claim is dismissed, and plaintiff has not provided any new facts that she seeks to plead in support of that claim or an FMLA claim. As a result, plaintiff's request to amend is denied. *See In re Coty Inc. Secs. Litig.*, 2016 WL 1271065, at *11 (S.D.N.Y. Mar. 29, 2016) ("[T]he Second Circuit has consistently stated that district courts may deny leave to amend when plaintiffs request such leave in a cursory sentence on the last page of an opposition to a motion to dismiss, without any justification or an accompanying suggested amended pleading.") (citing *Food Holdings Ltd. v. Bank of Am. Corp.*, 423 F. App'x 73, 76 (2d Cir. 2011) (affirming district court's denial of leave to amend where plaintiffs requested leave to amend "on the final page of their brief in opposition to defendants' motion to dismiss, in boilerplate language and without any explanation as to why leave to amend was warranted")).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's claims are dismissed with prejudice. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 13, 2017

                                                                      /s/
                                               Denis R. Hurley
                                               Unites States District Judge